UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **RAUL TOPETE,** | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|    vs. | )   **CASE NO.   3:11-CV-8025-SLB-HGD** |
| | )   **(CRIM. NO.  3:05-CR-0257-SLB-PWG)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|    Respondent. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on the parties' Objections, (docs. 35, 36, 38),[1] to the Magistrate Judge's Report and Recommendation, (doc. 33), recommending that petitioner Raul Topete's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [hereinafter Motion to Vacate], (doc. 1), be denied. Petitioner contends that his conviction for conspiracy and money laundering should be vacated based on the ineffectiveness of his counsel; he contends his counsel was ineffective based on seven grounds:

    1. Failing to insure his Sixth Amendment right to an impartial jury by failing to strike a juror;

    2. Refusing to allow Mr. Topete to testify in his own defense;

---

[1]Reference to a document number as "Doc. ___" refers to the number assigned to each document as it is filed in Mr. Topete's habeas case, Case No. 3:11-CV-8025-SLB-HGD; reference to a document as "Crim. Doc." refers to the number assigned to each document as it was filed in the underlying criminal case, Case No. 3:05-CR-0257-SLB-PWG.

    3. Failing to conduct any pretrial investigation;

    4. Failing to object to the introduction of audio tapes into evidence;

    5. Failing to challenge the testimony of witness Jason Moore;

    6. Failing to object to the prosecutor's closing argument and to correct Government misstatements; and

    7. Failing to correct the trial court's reliance on an inaccurate mandatory minimum and incorrect evidence as to drug quantity.

(Doc. 33 at 1-2.)

## I. REVIEW OF REPORT AND RECOMMENDATION

The district court reviews de novo those parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The court may review the other parts of the Report and Recommendation for plain error or manifest injustice. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)(citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (11th Cir. 1982)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In this case, the Government has objected to the Magistrate Judge's finding that Mr. Topete was coerced into waiving his right to testify based on statements by his counsel.

(Doc. 36.)  Mr. Topete and his appointed counsel object to the Magistrate Judge's recommendation that his Motion to Vacate be denied.  (Docs. 35, 38.)

## II. SECTION 2255 STANDARD

Mr. Topete has the burden of showing he is entitled to relief from his sentence pursuant to 28 U.S.C. § 2255.  *See Greene v. United States*, 880 F.2d 1299, 1301 (11th Cir. 1989)(citing *United States v. Gray*, 626 F.2d 494, 502 (5th Cir.1980), *cert. denied* 449 U.S. 1091 (1981)).[2]  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)(quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept.1981)).

## III. DISCUSSION

**A. FINDING THAT MR. TOPETE'S WAIVED HIS RIGHT TO TESTIFY**

The Magistrate's Report and Recommendation states:

Trial counsel for Mr. Topete admits that he vociferously argued against Topete testifying, even though Mr. Topete made it clear that he wanted to do so. Although Judge Blackburn later asked Mr. Topete on the record if he wanted to testify and he stated that he did not, this was after Mr. Topete had been threatened with abandonment by his attorney.  Under these circumstances, it is clear that Mr. Waldman coerced Mr. Topete into not testifying and into telling Judge Blackburn that he did not want to testify in his own defense.  As

---

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

3

> a result, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. In short, his representation of Mr. Topete was ineffective. The Government's argument that the record does not establish that Topete would have testified but for defense counsel's conduct is plainly not supported. Mr. Topete clearly indicated that he wanted to testify and expected to testify. Mr. Waldman admits this. Therefore, this contention is meritless.

(Doc. 33 at 21-22.) The Government objects to the Report's finding that Mr. Topete did not testify because of his counsel's threat to withdraw from representation. (Doc. 36 at 1-2.) It argues, "Contrary to the finding in this case, the record does not establish that counsel's threat to withdraw resulted in Topete's decision not to testify. Here, there was an intervening event – an event occurring after the threat, but before Topete's final decision. Specifically, unlike the defendant in *Nichols*,[3] Topete knew the decision regarding whether to testify was his and not counsel's; this Court made that abundantly clear to Topete." (Doc. 36 at 3 [Crim. Doc. 674 at 4-8] (footnote added; original footnote omitted).) Therefore, "Although Topete's decision [not to testify] was no doubt influenced by counsel's view on the matter, [that decision] was not coerced [or] made only as a result of counsel's threat to withdraw." (*Id*. at 5-6.)

At Mr. Topete's trial, after the parties had rested, the court, outside the presence of the jury, stated:

> What I want to say I usually say at the end of a case just for habeas petition purposes. It's not required, but I put on the record with defendants, you understand you have the right to testify; I don't want to know what you've discussed, but have you discussed with your attorney that you have the right

---

[3]*Nichols v. Butler*, 932 F.2d 900 (11th Cir. 1991).

4

to testify; and regardless of what your attorney has said to you, do you understand that you still have the right to testify.

And although we've rested, . . . I will allow you, if you want to testify, regardless of what you may have said with your attorney, to reopen. Do you wish to testify. This is just for a habeas later if one were to say I wanted to testify, and my attorney told me I couldn't.

You all can go out, and you can talk to your clients about that, but that's what I plan to do now. . . .

. . .

THE COURT: Before we get started on the Rule 29 motions, there was something I intended to do before everyone rested outside the presence of the jury, and I am going to do it now.

I want to talk to the defendants about the fact that you have the right to testify. And although . . . all the parties have rested, after I talk to you all, I want you to understand that, if you wish to testify after what I say to you, I will reopen the case and allow you to testify.

The first thing I want to ask each of you separately is if you have talked about whether or not you should testify with your respective attorneys. I don't want to know what you've talked about, and I don't want to know what they've said to you. I just want to know, first of all, whether or not you have talked with your respective attorneys about your right to testify.

I then am going to ask you whether you understand that, regardless of what your attorneys said to you – again, I don't want to know what they did say to you – but I want you to understand that even if they told you you should not testify or that they would recommend, rather, that you not testify, I want you to understand that, regardless of any advice, you have the right to testify in your own defense.

And, finally, I am going to ask you whether you do wish to testify in your own defense.

5

(Crim. Doc. 674 at 4, 5-6.) After questioning each of his co-defendants, (*id*. at 1612-1614), the court engaged in the following colloquy with Mr. Topete:

> THE COURT: Mr. Topete, have you and your attorney discussed whether you should or should not testify in your own defense?
>
> DEFENDANT TOPETE: Yes, Your Honor.
>
> THE COURT: And regardless of any advice he may have given you or recommendation he may have given you in that regard, do you understand that you have the right to testify in your own defense?
>
> DEFENDANT TOPETE: Yes, Your Honor.
>
> THE COURT: What is your desire about whether to testify or not testify?
>
> DEFENDANT TOPETE: No, Your Honor.

(*Id*. at 7-8.) Nothing in Mr. Topete's demeanor or otherwise indicated to the court that he wanted to testify or that he had been forced not to testify by counsel's threat. He took no action to inform the court of his desire to testify or his attorney's threat either during the colloquy or at any time during the trial, post-judgment motions, sentencing, and/or direct appeal. The court finds Mr. Topete's after-the-fact assertion that his will to testify was overborne by his counsel's threat is not credible.

> . . . "[A] criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992)(*en banc*). "[T]he appropriate vehicle for claims that the defendant's right to testify was violated

6

by defense counsel is a claim of ineffective assistance of counsel under *Strickland*[4] . . . ." *Id*. at 1534.

> Where the defendant claims a violation of his right to testify by defense counsel, t*he essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf*. In other words, by not protecting the defendant's right to testify, defense counsel's performance fell below the constitutional minimum, thereby violating the first prong of the *Strickland* test. For example, if defense counsel refused to accept the defendant's decision to testify and would not call him to the stand, counsel would have acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify.
>
> Alternatively, if defense counsel never informed the defendant of the right to testify, and that the ultimate decision belongs to the defendant, counsel would have neglected the vital professional responsibility of ensuring that the defendant's right to testify is protected and that any waiver of that right is ***knowing and voluntary***.

*Id*.

*Cuthbert v. United States*, 296 Fed. Appx. 904, 906-07 (11th Cir. 2008)(emphasis and footnote added).[5]

In this case, the Magistrate Judge held a hearing on this claim in the Motion to Vacate. At the hearing, Mr. Topete and his trial counsel were questioned regarding their discussion of Mr. Topete's right to testify. His counsel admitted that he told Mr. Topete that he would

---

[4]*Strickland v. Washington*, 466 U.S. 668 (1984).

[5]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

7

withdraw if Mr. Topete testified. Mr. Topete testified that he was afraid of his counsel leaving him, and, therefore, he did not testify although he wanted to tell the jury his version of events. However, at the Magistrate Judge's hearing no one testified and no one was questioned as to whether, after the court's questioning, Mr. Topete voluntarily chose not to testify regardless of the threat. The only discussions of this court's colloquy during the hearing establish that the colloquy occurred and that the court was not informed of counsel's threat. (*See* doc. 27 at 138, 143-44.) However, this testimony is not enough to show that Mr. Topete lied to the court when he said he did not wish to testify in his own defense.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). It is not enough for Mr. Topete to prove that his attorney acted in an unethical and reprehensible manner by threatening to withdraw. Rather to show that his waiver of his right to testify was not knowing and voluntary, he must show that, despite his statements and all appearances to the contrary, he lied about his decision not to testify to the court.

The court specifically questioned Mr. Topete regarding the waiver of his right to testify. At that time the court observed Mr. Topete's demeanor, his tone of voice, and his interaction with counsel. Despite not knowing the content of his conversation with his attorney or the attorney's threat to withdraw, the court finds Mr. Topete's contention that he was deprived of his choice to testify because of his attorney's threats is not credible. The

court finds that Mr. Topete's statement in open court, that he knew he had the right to testify and that he voluntarily chose not to testify, was not coerced by any threat from his counsel.

The Government's Objection to the Magistrate Judge's Report and Recommendation is **SUSTAINED**. The finding of the Magistrate Judge that "Mr. Waldman coerced Mr. Topete into not testifying and into telling Judge Blackburn that he did want to testify in his own defense," is **REJECTED**. The court finds, as a matter of fact, that Mr. Topete knowingly and voluntarily chose not to testify in his own defense.

## B.  MR. TOPETE'S OBJECTIONS

Mr. Topete, proceeding pro se with regard to ground 1 and grounds 3-6, and his appointed counsel, appointed only to address ground 2 of his petition, have filed Objections to Report and Recommendation.  (Docs. 35, 38.)

After careful consideration of the record in this case, including the transcript of the hearing before Judge Davis, the record of the criminal trial, the Magistrate Judge's Report and Recommendation, and the Objections of Mr. Topete and his counsel, this court **OVERRULES** the Objections and **ADOPTS** the findings of the Report, except as set forth *supra*.  Further, the court **ACCEPTS** the Recommendation of the Magistrate Judge that Mr. Topete's Motion to Vacate, Set Aside or Correct Sentence, (doc. 1), be denied.

## **CONCLUSION**

Based on the foregoing, the petitioner Raul Topete's Motion to Vacate, Set Aside, or Correct Sentence, (doc. 1), is due to be denied. An Order denying the Motion to Vacate, (doc. 1), will be entered contemporaneously with this Memorandum Opinion.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court finds that reasonable jurists could debate that Ground 2 of Mr. Topete's Motion to Vacate should have been resolved in as different manner and that his ineffective assistance of counsel claim related to his right to testify is adequate to deserve further consideration. Therefore, issuance of a certificate of appealability is warranted in this case.

**DONE** this 30th day of September, 2014.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE